IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAMORA AHMED EDWARDS, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-12-CV-976-SS-AWA |
| | § | |
| MIKE PEARCE, WARDEN, | § | |
| FCI BASTROP, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Samora Ahmed Edwards's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) and Respondent Mike Pearce's Response to Petition (Dkt. No. 8). Petitioner did not file a reply in this case. The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. BACKGROUND

Petitioner Samora Ahmed Edwards ("Edwards"), Reg. No. 70085-079, is a federal prisoner incarcerated in the Bureau of Prisons ("BOP") at FCI-Bastrop pursuant to a judgment and sentence in Criminal Case No. 4:95-CR-00235 in the United States District Court for the Southern District of Texas. Edwards is serving time after he pleaded guilty to bank robbery and use of a semi-automatic weapon in violation of 18 U.S.C. §§ 924 and 2113. Edwards was sentenced on June 3, 1996, to 255 months of imprisonment followed by five years of supervised release. Edwards's

convictions and sentence were affirmed on appeal. *United States v. Edwards*, 109 F.3d 767 (5th Cir. 1997).

In the instant petition, Edwards brings his claims under 28 U.S.C. § 2241. Broadly construed, he alleges that the BOP has exceeded its authority and modified Edwards's sentence by forcing him to participate in the Inmate Financial Responsibility Program ("IFRP"). Dkt. No. 1. Edwards contends that he reluctantly signed the contract, which requires him to make contributions of $25 per quarter. *Id.* Edwards argues that the BOP recently refused to provide him with a copy of the IFRP contract unless he signed a new contract, which would require him to contribute $94 per month.[1] *Id.* Edwards submits that only this Court has the authority to modify Edwards's sentence. *Id.* Respondent contends that Edwards's instant petition should be dismissed for failure to exhaust his administrative remedies. Dkt. No. 8.

## II. ANALYSIS

As an initial matter, federal prisoners must exhaust all available administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement arise when "available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* These exceptions "apply only in extraordinary circumstances," and the petitioner bears the burden of establishing that administrative review would be futile in his case. *Id.*

---

[1] The Court notes that Edwards's allegations that he was required to pay $94 per month as part of his new IFRP contract is inconsistent with the evidence provided. In Respondent's filing, Exhibit C shows that Edwards signed an Inmate Financial Plan in December, 2012, which set his payments at an amount of $25 per month. Dkt. No. 8, Exh. C, Inmate Financial Plan.

The BOP, which administers the prison in which Edwards is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the Warden using a BP-9 form. 28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

In this case, Edwards has not presented any evidence or documentation to suggest that he has exhausted his administrative remedies with the BOP. Indeed, there is nothing in the record showing that the BOP even considered or rejected Edwards's claims. *See also* Dkt. No. 8, Exh. B, Declaration of Joseph Tang, ¶ 3. Furthermore, Edwards makes no claims suggesting that attempting to exhaust his administrative remedies with the BOP would be futile. As such, the undersigned will recommend that the District Judge dismiss Edwards's instant petition.

### III. RECOMMENDATION

In light of the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DISMISS without prejudice** Petitioner Samora Ahmed Edwards's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) for failure to exhaust his administrative remedies.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of May, 2013.

_____

ANDREW W. AUSTIN  
UNITED STATES MAGISTRATE JUDGE